UNITED STATES, Appellant,

v.

MOTOR FREIGHT EXPRESS, INC., et al., Appellees.

Civ. A. No. 88–8902.

United States District Court, E.D. Pennsylvania.

Dec. 22, 1988.

Virginia Powel, Asst. U.S. Atty., Philadelphia, Pa., Michael Salem, Trial Atty., Tax Div. U.S. Dept. of Justice, Washington, D.C., for appellant.

Howard Eichtenbaum, Sherry A. Kajden, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for Motor Freight Express.

Marc Sonnenfeld, Michael Bloom, Morgan, Lewis & Bockius, Philadelphia, Pa., David Sperry, Louis Wade, Kansas City, Mo., Timothy McCormack, Piper & Marbury, Baltimore, Md., for appellees.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

On October 6, 1988, after a trial, the bankruptcy judge entered an order dismissing certain claims of the United States of America against Motor Freight and First National Bank of Maryland, in Bky. No. 82–04944S, Adv. No. 84–1537S. The order was accompanied by a 17–page opinion, fully explicating the findings and conclusions of the Bankruptcy Court. 91 BR 705.

On October 20, 1988, appellant filed a timely notice of appeal from the October 6 order. Unfortunately, however, appellant failed to perfect the appeal by stating the issues it intended to raise and designating the contents of the record on appeal, as required by Rule. 8006 of the Rules of Bankruptcy Procedure. Accordingly, by order of November 21, 1988, I dismissed the appeal.

The government-appellant now seeks reconsideration of that order, claiming that it did comply with Bankruptcy Rule 8006. The government concedes that, in order to perfect its appeal from the October 6, 1988 order, it should have complied with Bankruptcy Rule 8006 by November 3, 1988, and that it did not do so until November 22, 1988—the day after my order of dismissal was signed, and the same day it was docketed. But, the government argues, its November 22 compliance was rendered timely by virtue of the fact that, on October 21, 1988, the bankruptcy judge entered an order amending opinion, as follows: "Page 6, line 15, delete '1985' and insert '1984' ". Thereupon, the government filed a new notice of appeal. If measured from the October 21 amending order and the second notice of appeal, the deadline for compliance with Rule 8006 would have been November 22, 1988, the day on which appellant finally attempted compliance.

Obviously, the October 6, 1988 order became final, for purposes of appeal, on October 6. The entry of a later order correcting a trivial typographical error in the bankruptcy judge's opinion did not amend the order,[1] had no impact upon its finality, and is simply irrelevant to the Rule 8006 analysis. *In re Souza,* 795 F.2d 855 (9th Cir.1986). Stated otherwise, appellant is not appealing from the October 21 order.

---

1. Moreover, since a notice of appeal had been filed, the Bankruptcy Court lacked jurisdiction to amend the order.

348

Appellant's motion for reconsideration will be denied.[2]

---

**2.** Although my ruling is based entirely on the procedural default, I note that my review of the record reveals no reason for doubting the correctness of the Bankruptcy Court's ruling on the merits.